AO 94 (Rev. 8/85) Commitment to Another District

# United States District Court

DISTRICT OF __DELAWARE__

UNITED STATES OF AMERICA

V.

Daniel Morales Lopez

COMMITMENT TO ANOTHER DISTRICT

CASE NUMBER: 06-31m-MPT
(WDNY No. 05-M-130)

The defendant is charged with a violation of __18__ U.S.C. __911__ alleged to have been committed in the __Western__ District of __New York__.

Brief Description of Charge(s):

(see attached)

The defendant has been unable to obtain release under the Bail Reform Act of 1984, 18 U.S.C. §§3141-3143.

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant, all proceedings required by Fed. R. Crim. P. 40 having been completed.

3/15/06
Date

_[signature]_
Judicial Officer

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

WESTERN _____ DISTRICT OF _____ NEW YORK

UNITED STATES OF AMERICA

vs.

DANIEL MORALES LOPEZ
a/k/a: ROBERTO ORELLANA MEJIA
a/k/a: LUIS ANTONIO GARCIA ALGARIN
a/k/a: RONDOLFO ALONZO ALMANZA

Defendant:
(no U.S. address)

REDACTED  06-31M (MPT)

CRIMINAL COMPLAINT

CASE NUMBER: 05- m-130

FILED
U.S. DISTRICT COURT
WD OF NY
NOV 4 2005

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about August 21, 2005, in Niagara County, in the Western District of New York defendant, an alien, did,

(1) falsely and willfully represent himself to be a citizen of the United States; and

(2) eluded examination or inspection by immigration officers

in violation of the Title 18 United States Code, Section 911, and Title 8 United States Code, Section 1325(a)(2), respectively.

I further state that I am a U.S. Customs and Border Protection Enforcement Officer and that this Complaint is based on the following facts:

See attached affidavit.

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
RAYMOND F. ECKERT
U.S. CUSTOMS AND BORDER
PROTECTION ENFORCEMENT OFFICER

Sworn to before me and subscribed in my presence,

November 4, 2005                           at        Buffalo, New York
Date                                                  City and State

HONORABLE H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                    Signature of Judicial Officer

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | MAGISTRATE'S |
| DANIEL MORALES LOPEZ : A/K/A ROBERTO ORELLANA MEJIA A/K/A LUIS ANTONIO GARCIA ALGARIN : A/K/A RONDOLFO ALONZO ALMANZA : Defendant, : : | NO. |

AFFIDAVIT IN SUPPORT OF WARRANT AND COMPLAINT

STATE OF NEW YORK   )
COUNTY OF NIAGARA   )   SS:
CITY OF NIAGARA FALLS )

Raymond J. Eckert being duly sworn, deposes and states:

1. I am an Enforcement Officer with United States Customs and Border Protection (CBP), within the Department of Homeland Security (DHS), and have been so employed for the past thirteen years. In such capacity, my duties include investigating persons who have violated Federal Immigration laws and other related Federal statutes.

2. As part of my current duties, I have become involved in an investigation of suspected violations of Title 8, United States Code, Section 1325(a)(2) and Title 18,

United States Code, Section 911.

3.. I make this affidavit in support of the arrest warrant and complaint charging Daniel Morales Lopez, also known as Roberto Orellana Mejia, also known as Rodolfo Alonzo Almanza, also known as Luis Antonio Garci Algarin (hereinafter "Morales Lopez"), with eluding inspection or examination by CBP Officers, and with making a false claim to United States citizenship in violation of Title 8, United States Code, Section 1325(a)(2) and Title 18, United States Code, Section 911, respectively.

4. On August 21, 2005, at approximately 11:45AM, I was notified by Supervisory CBP Officer John Rutledge that Morales Lopez had reported for inspection at the Rainbow Bridge port of entry in Niagara Falls, New York, where he was directed to report to the document control office for further inspection, and was believed to have absconded without reporting for further examination. Upon his arrival, Morales Lopez was initially inspected by CBP Officer Joshua Delaney.

5. I spoke with CBP Officer Delaney and requested that he provide a written sworn statement describing his contact with the Daniel Morales Lopez (attached as

Exhibit A). Officer Delaney indicates in his statement that at approximately 10:46 AM on August 21, 2005, a vehicle bearing Delaware license plate PC610315 entered his inspection lane at the Rainbow Bridge. Officer Delaney states that the vehicle contained two adults and three minors, and the vehicle was operated by a subject who identified himself as Daniel Morales Lopez with a birth date of          1976. Officer Delaney reports that the driver provided him with State of Delaware driver's license no. 1389127 issued to Daniel Morales Lopez bearing the driver's photograph. Officer Delaney also reports that the driver identified himself as Daniel Morales Lopez and claimed to be a United States citizen, born in Guatemala. Officer Delaney obtained identification for the remaining occupants of the vehicle and directed the vehicle and occupants to report for secondary inspection to the document control office in the Rainbow Bridge complex.

6. After speaking with Officer Delaney, I went to the document control office at the Rainbow Bridge complex, where I spoke with CBP Officer Donald Batalaris. Officer Batalaris ran the initial check on Morales Lopez and reported that it had indicated that Morales Lopez appeared to be the subject of an outstanding warrant of removal.

Although Morales Lopez had been instructed to report for further examination at the document control office within the Rainbow Bridge complex, Officer Batalaris reported that he was unable to locate Morales Lopez anywhere within the Rainbow Bridge complex (the sworn statement of Officer Batalaris is attached as Exhibit B). Officer Batalaris reported to his supervisor that Morales Lopez was no longer present at the Rainbow Bridge facility. Border Patrol and local law enforcement were then notifed that Morales Lopez had absconded from the Rainbow Bridge port complex. Morales Lopez was never located.

7. At approximately 1:00 PM on August 21, 2005, I interviewed the adult female from the vehicle that Morales Lopez was driving. She first identified herself as Julieta Partida, but I later came to learn that her true identity is Teresa Escalante Lara. In response to my questions about Morales Lopez, she advised me that he was a friend who was born in Guatemala. She advised me that Morales Lopez did enter the secondary inspection building as initially instructed after they were referred from the primary vehicle lane. She also advised me that Morales Lopez departed from her group after entering the waiting area of the document control office. She advised that he

did not say where he was going and he did not return.

8. I also reviewed information in the automated National Crime Information Center (NCIC) database relating to Daniel Morales Lopez. The NCIC lookout indexed by NIC number N010145862 indicated that a native of Guatemala known as Roberto Orellana Mejia, Rodolfo Alonzo Almanza, Luis Antonio Garcia Algarin, and Daniel Morales Lopez, born on           1976, had failed to appear for removal from the United States. The NCIC lookout, which was created by the Immigration and Customs Enforcement (ICE) Law Enforcement Support Center (LSC), indexed two alien file numbers: A75464104 and A76581530. A query of these two file numbers in the automated Central Index database revealed that file number A76581530 was created in the Daniel Morales Lopez identity while alien file number A75464104 was created in the Robert Orellana Mejia identity. The Central Index database indicated that both files were at the Law Enforcement Support Center (LESC) in Vermont.

9. I contacted the LESC via telephone on August 21, 2005, at approximately 12:45 PM. A representative from the LESC informed me that the two alien files referenced in paragraph eight (8) were consolidated into one alien

file as they related to the same person and were linked by FBI number 767649JB3. At approximately 1:05 PM, I made a request to the LESC via E-mail to send a digital photo of the alien indexed by A-file A76581530.

10. On August 22, 2005, at approximately 9:00 AM, I received digital photographs of Daniel Morales Lopez from the consolidated alien file at the LESC. I compared the two digital photographs sent by the LESC with the driver's license photograph of Daniel Morales Lopez from Delaware driver's license number 1389127. All of the photographs appeared to be of the same individual.

11. On August 29, 2005, the LESC sent me fax copies of the outstanding removal warrant from consolidated alien files A75 581 530 and A75 464 104. The removal warrant was issued on February 15, 2000 in the name Roberto Orellana Mejia. This is the identity under which Daniel Morales Lopez was processed after his immigration arrest at the Townsends Poultry plant in Millsboro, Delaware on November 22, 1999. Immigration file records show that he obtained work at the plant using the identity Luis Antonio Garcia Algarin, but gave his true identity as Roberto Orellana Mejia after his immigration arrest.